**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**


**TRACY JOHNSON**

|  |  |
|---|---|
| **vs.** | **2:13-CV-631** |
|  | **2:00-CR-0024(2)** |
|  | **Judge Graham** |
|  | **Magistrate Judge King** |

**UNITED STATES OF AMERICA**


<u>**REPORT AND RECOMMENDATION**</u>

Petitioner was convicted of conspiracy in violation of 21 U.S.C.
§ 846, two counts of distribution of crack cocaine in violation of 21
U.S.C. § 841 and two counts of carrying and brandishing a firearm
during a drug trafficking offense in violation of 18 U.S.C. § 924(c).
*Judgment*, Doc. No. 66. Petitioner's conviction and sentence were
affirmed by the United States Court of Appeals for the Sixth Circuit*,
United States v. Clark*, 41 F. App'x 745, 747 (6th Cir. June 24, 2002),
and the United States Supreme Court denied petitioner's petition for a
writ of *certiorari. Johnson v. United States*, 537 U.S. 1114 (2003).
Petitioner thereafter filed a motion to vacate sentence under 28
U.S.C. § 2255, claiming that the United States Sentencing Guidelines
are unconstitutional as applied to him, that the Court lacked
jurisdiction to convict or sentence him because count one failed to
charge a crime, that an informant's testimony denied him due process
of law and a fair trial and that he was denied the effective
assistance of counsel. The motion to vacate was dismissed, *Order*,
Doc. No. 121, and the United States Court of Appeals for the Sixth
Circuit declined to issue a certificate of appealability. *Johnson v.*

1

*United States of America*, Case No. 07-3208 (6th Cir. Oct. 15, 2007). The United States Supreme Court denied petitioner's petition for a writ of *certiorari*. *Johnson v. United States*, 555 U.S. 978 (2008).

This matter is now before the Court on petitioner's "*Request the Court to Take Judicial Notice*," Doc. No. 151, in which petitioner alleges that *Alleyne v. United States*, 133 S.Ct. 2151 (2013), requires that this Court revisit petitioner's convictions under 18 U.S.C. § 924(c) and its dismissal of his earlier claims of ineffective assistance of counsel.

Petitioner's motion is a successive petition under 28 U.S.C. § 2255. This Court lacks authority to consider petitioner's motion absent authorization by the United States Court of Appeals for the Sixth Circuit. *See* 28 U.S.C. § 2255(h).

It is **RECOMMENDED** that this matter be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a successive petition under 28 U.S.C. § 2255.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to

*de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation.* *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


_____
*s/Norah McCann King*
Norah M<sup>c</sup>Cann King
United States Magistrate Judge

July 1, 2013
(Date)